<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| N.D., | Civil Action No. 24-09523 |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff N.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning February 28, 2022. A hearing was held before ALJ Jason Mastrangelo (the "ALJ") on September 27, 2023, and the ALJ issued an unfavorable decision on December 27, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal. Of note, Plaintiff had previously

been found disabled within the meaning of the Act as a minor in 1997, as an adult in 2003, again in 2010, and most recently, he was found not disabled in 2021.

In decision of December 27, 2023, the ALJ found, at step two, that Plaintiff has several severe impairments, including depressive, anxiety, and personality disorder, cognitive disorder, schizo-affective disorder, and posttraumatic stress disorder.  At step three, the ALJ found that Plaintiff's condition does not meet the requirements of any of the Listings of Impairments.  At step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform a full range of exertional tasks but has a series of non-exertional limitations.  Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform.  In making these determinations, the ALJ chose not to obtain and admit into the record all prior decisions issued by ALJs regarding Plaintiff's disability status, as well as medical records associated with those decisions. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded for five reasons: 1) the ALJ improperly excluded from the record prior ALJ decisions and medical records attendant to those claims; 2)  at step two, the ALJ's determination that Plaintiff's physical conditions are not severe is not supported by substantial evidence; 3)  at step three, the ALJ's determination that Plaintiff's condition does not meet the requirements of the Listings of Impairments is not supported by substantial evidence nor by an adequate rationale; 4) at step four, the ALJ's RFC determination is not supported by substantial evidence; and 5) at step five, the ALJ's determination that Plaintiff could perform alternative work which exists in significant numbers in the national economy is not supported by substantial evidence.  (Pl.'s Br. at 11, 15, 16, 22, 26, 28).

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

First, Plaintiff argues the ALJ's decision not to include all prior ALJ decisions and medical records attendant to such decisions was improper and requires reversal of the ALJ's decision. This line of argument appears to be an attempt by Plaintiff to shift the responsibility for producing old medical records that the Plaintiff himself did not produce for this application. As discussed, Plaintiff bears the burden of proving disability at the first four steps. It is not the responsibility of the Commissioner to obtain the records that the Plaintiff did not produce. Further, as the ALJ points out in his decision, "the relevant issue is whether the claimant has been under a disability since February 28, 2022." Accordingly, it makes little sense to fault the ALJ for not obtaining records dating back decades to decide this disability application. This Court is satisfied that the ALJ considered the issue, found these decades-old medical records immaterial to his determination, and relied instead on many other sources of medical evidence

3

that he thought sufficient to "establish that the claimant has a long history of mental health treatment" and that in fact contained "records of treatment received by the claimant over the course of the past two decades." (Tr. 11). The ALJ did not err by not considering records that Plaintiff did not produce.

Second, Plaintiff challenges the ALJ's determination that his physical conditions do not constitute severe impairments. At step two, the ALJ found the following psychological conditions to be severe impairments: depressive, anxiety, and personality disorder; cognitive disorder; schizo-affective disorder; posttraumatic stress disorder. (Tr. 13). However, the ALJ did not find any of the physical conditions raised by the Plaintiff to be severe.

The Third Circuit has interpreted the relevant Rulings and Regulations to hold that "[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further emphasized:

> An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality or a combination of slight abnormalities which have "no more than a minimal effect on an individual's ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *6-8. Only those claimants with slight abnormalities that do not significantly limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482 U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant presents more than a "slight abnormality," the step-two requirement of "severe" is met, and the sequential evaluation process should continue. *See Smolen v. Chater*, 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the claimant.

Newell, 347 F.3d at 546; accord McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed

4

with close scrutiny" and are "certain to raise a judicial eyebrow." <u>McCrea</u>, 370 F.3d at 357.

The ALJ here may have erred here, but this Court need not reach the substance of Plaintiff's contention that he has a slew of severe physical impairments that the ALJ improperly failed to recognize. Regardless of whether the ALJ erred, Plaintiff has failed to demonstrate that he was prejudiced by this error, as required by <u>Shinseki</u>. At step two, the ALJ found four severe impairments. Had the total count been eight, instead of four, it would not have made any difference to the outcome. Plaintiff has not persuaded this Court that any potential error at step two harmed him.

Third, at step three, Plaintiff argues that the ALJ's determination that Plaintiff's condition does not meet the requirements of particular Listings of Impairments is not supported by substantial evidence nor by an adequate rationale. To persuade the Court that the Commissioner committed harmful error at step three, Plaintiff must muster the evidence and demonstrate that there is evidence of record that supports the conclusion that he met every requirement of a Listing. In the absence of such a demonstration, under <u>Shinseki</u>, the Court cannot conclude that any error was harmful. Plaintiff has failed to do so here. In fact, Plaintiff states that he "disagree[s]" with the notion that he must prove that the Listings of Impairment are actually met to show error that is more than harmless. (Pl.'s Br. at 22).

Fourth, at step four, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. In deciding Plaintiff's RFC, the ALJ found that Plaintiff only had non-exertional limitations as follows:

> The claimant is limited to understanding and following simple instructions; He
> can sustain attention and concentration to carry out simple tasks and instructions;
> He can occasionally interact with supervisors, coworkers and the general public;
> He can tolerate simple changes in a work setting; He can use judgment to make
> simple work-related decisions; He can perform non-pressured work tasks,

> meaning goal-oriented tasks, and can work primarily with things and objects
> rather than people.

(Tr. 19).  Plaintiff's objection to this determination primarily fails because it does not meet the

requirements of Shinseki by pointing to evidence of record which, if credited, would support

inclusion of additional limitations in the RFC.  In other words, Plaintiff's argument largely lacks

specific evidence of record that indicates his lack of capacity to function at work.

  The closest Plaintiff comes to such evidence are the discussions of Dr. Busch's assessment of

Plaintiff's hearing impairment and Dr. Hoffman's assessment of Plaintiff's lumbar disc disease.

(Pl.'s Br. at 22-23).  Specifically, with respect to Dr. Busch's assessment, Plaintiff argues that

Dr. Busch's advice that certain hearing devices would "be an adequate accommodation" in most

settings but without those devices, "employment is still possible" but "may be more limited,"

(Tr. 3778), should have compelled the ALJ to include Plaintiff's hearing issues as a limitation

factored into his RFC.  (Pl.'s Br. at 22-23). Similarly, with respect to Dr. Hoffman's analysis,

Plaintiff contends that the ALJ did not adequately consider Dr. Hoffman's finding of "limitations

of range of motion of the spine with positive straight leg raising and diminished grip strength and

motion of the left wrist."  In other words, Plaintiff argues that the ALJ did not sufficiently

incorporate the comments of these doctors into his RFC assessment.

  However, in both cases, Plaintiff seems to be once again asking this Court to re-weigh

evidence the ALJ already considered.  The ALJ dealt in detail at step four with Dr. Busch's

assessment and explained why he concluded that Plaintiff's hearing impairment did not make for

an exertional limitation.  (Tr. 25).  Similarly, the ALJ addressed Dr. Hoffman's assessment and

considered Plaintiff's lumbar disc disease earlier in the decision, ultimately finding it non-severe

(Tr. 14-15), and stated that he "considered all of the claimant's medically determinable

impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (Tr. 16). Even if the ALJ did err by not directly addressing Dr. Hoffman's opinion in his discussion of Plaintiff's RFC, the error was harmless for two reasons: first, the three alternative jobs that the ALJ identified at step five (Maid, Package Sorter, and Mail Clerk) are all at the "light" exertional level, which appears to be the level of functional capacity Plaintiff believes the lumbar disc disease necessitates (Pl.'s Br. at 23) and second, Dr. Hoffman did not actually state in his assessment that Plaintiff ought to be limited to light work. (Tr. 3783-92).

Plaintiff also challenges the ALJ's RFC determination regarding his psychological impairments. Plaintiff does not point to any clearly overlooked piece of evidence that would have changed the outcome of his case. For example, Plaintiff argues that Dr. Mintzer's assessment of Plaintiff's cognitive function should have led the ALJ to a different conclusion. But, as Plaintiff admits, Dr. Mintzer did not "provide a specific assessment of function." (Pl.'s Br. at 24). Additionally, the ALJ weighed the evidence provided by Dr. Mintzer in coming to his conclusion. (Tr. 23-24). As already stated, under Third Circuit law, this Court may not re-weigh the evidence the ALJ considered. Further, the ALJ's decision here was based on a careful consideration of the various pieces of the medical record, including the assessment of state agency psychological consultant Dr. Michael Plasay, and is thus based on substantial evidence. (Tr. 23).

Finally, at step five, Plaintiff argues that the ALJ's determination that Plaintiff could perform alternative work which exists in significant numbers in the national economy is not supported by substantial evidence. The thrust of Plaintiff's argument is that the ALJ's RFC determination is inaccurate, and therefore the ALJ's determination regarding alternative work must be invalid. (Pl.'s Br. at 26). The Court already considered this argument at step four and, as just explained,

because this Court finds the RFC to be supported by substantial evidence, this argument fails.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                           s/ Stanley R Chesler
                         STANLEY R. CHESLER, U.S.D.J.

Dated:  September 30, 2025